IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JERMAINE TERRELL BUTLER                                                    PLAINTIFF

VS.                                                   CIVIL ACTION NO. 3:17cv365-FKB

DEPUTY SHERIFF TONY
ALEXANDER, et al.                                                        DEFENDANTS

## **OMNIBUS ORDER**

This is an action pursuant to 42 U.S.C. § 1983 brought by Jermaine Terrell Butler, a pretrial detainee at Holmes-Humphreys County Regional Correctional Facility. On March 27, 2018, an omnibus hearing was held at which the undersigned questioned Plaintiff concerning his claims and addressed other case management issues. Having considered Plaintiff's testimony at the omnibus hearing, and having conferred with counsel for Defendants, the Court finds and orders as follows.

Plaintiff's complaint concerns his time as a detainee at the Hinds County Detention Center. His claims, as clarified at the omnibus hearing, fall under the general descriptions of sexual assault, excessive force, and unconstitutional conditions. He alleges that in late October or early November of 2016, Warren Lovertich, a deputy at the facility, grabbed Plaintiff's penis and made a lewd comment to him. Plaintiff alleges that on February 26, 2017, Deputy Tony Alexander used excessive force against him. Finally, he brings a claim against Sheriff Victor Mason concerning the conditions in which he was held in lockdown for approximately two months. According to Plaintiff, these conditions included mold on the ceiling and walls, standing water on the floor, and exposed live electrical wires.

Defendant Lovertich has filed a motion to dismiss or, in the alternative, for summary judgement [33], arguing that Plaintiff has failed to exhaust his administrative remedies as to the claim against him. Plaintiff has not responded to the motion. In support of his motion, Defendant Lovertich has submitted the affidavit of Keneshia Jones, the grievance officer at the facility, along with Plaintiff's jail history report showing the dates Plaintiff was held in the HCDC and copies of grievance forms and inmate request forms filed by Plaintiff. [33-1]. In her affidavit Ms. Jones describes and references the inmate grievance forms attached to the affidavit. As Ms. Jones points out, none of these grievances or requests addresses the incident concerning Defendant Lovertich. However, nowhere in her affidavit does Ms. Jones state that these grievances constitute the only ones filed by Plaintiff during the relevant time period. Nor is there anything to indicate that the attachments compose Plaintiff's entire grievance file. The Court concludes that Defendant Lovertich has failed to sustain his burden of establishing that Plaintiff did not exhaust his administrative remedies as to his claim against Defendant Lovertich.[1] For this reason, the motion is denied.

This cause is set for a bench trial before the undersigned on November 28, 2018, at 1:30 p.m.

---

[1] The relevant portion of Ms. Jones's affidavit states as follows:

> Between the dates of May 2, 2017, and August 5, 2017, Jermaine Butler completed Inmate Grievance Forms (Exhibit 2) and Inmate Request Forms (Exhibit 3) between the dates of May 2, 2017, and August 4, 2017. All of the forms were received by me as indicted [sic] by my dated stamp and initials on each form. Neither Mr. Butler's grievances nor his requests address matters in his complaint of sexual harassment which he claims occurred on October and November of 2016 by Warren Lovertich.

[33-1] at 2.

Upon motion of Plaintiff, the Court will secure the presence at trial of up to three incarcerated witnesses if the Court concludes that their testimony is relevant. Plaintiff shall include in any such motion the prisoner identification number and correctional facility in which the witness is housed and shall state in detail the nature of the proposed testimony and explain how it is relevant to the factual issues of Plaintiff's claim. Such motions shall be filed no later than 30 days prior to trial.

Should any of Plaintiff's witnesses be or become "free world," Plaintiff shall be responsible for securing their voluntary presence at the evidentiary hearing. Should a "free world" witness refuse to appear voluntarily, Plaintiff shall adhere to the following procedure to secure the witness's presence. No later than 30 days prior to trial, Plaintiff shall file a motion requesting that a subpoena be issued for the witness. The request shall include the name and address of the witness and shall be accompanied by the witness fee and expense payment required by Rule 45 of the Federal Rules of Civil Procedure.

Discovery shall be limited to 25 interrogatories, 25 requests for production, and 25 requests for admission. All discovery shall be concluded by July 27, 2018. Any dispositive motions shall be filed by August 28, 2018.

So ordered, this the 20th day of April, 2018.

/s/ F. Keith Ball  
United States Magistrate Judge