IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JERMAINE TERRELL BUTLER                                        PLAINTIFF

VS.                                                            CIVIL ACTION NO. 3:17cv365-FKB

DEPUTY SHERIFF TONY
ALEXANDER, et al.                                            DEFENDANTS

## ORDER

     Jermaine Terrell Butler is a pretrial detainee at the Holmes-Humphreys County Regional Correctional Facility. His claims, brought pursuant to 42 U.S.C. § 1983, arise out of his time as a detainee at the Hinds County Detention Center (HCDC) in late 2016 and early 2017. Defendant Warren Lovertich has filed a motion for summary judgment, alleging that Plaintiff failed to exhaust his available administrative remedies as to the claims against him prior to filing suit. Plaintiff has not responded to the motion.

     Plaintiff's claim against Deputy Warren Lovertich for sexual assault and harassment allegedly occurred in the fall of 2016. In support of his motion, Deputy Lovertich has submitted the affidavit of Keneshia Jones, the grievance officer at HCDC, along with a copy of Plaintiff's jail history report and copies of grievance forms and inmate request forms submitted by Plaintiff. [43-1]. As Ms. Jones points out in her affidavit, none of these grievances or request forms concerned the alleged incident involving Deputy Lovertich. Ms. Jones also states that the attached grievances constitute the only grievances submitted by Plaintiff during his incarceration at HCDC.

     The applicable section of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e), requires that an inmate bringing a civil rights action in federal court must first

exhaust his administrative remedies. *Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998).  This exhaustion requirement "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 992 (2002).  The requirement that claims be exhausted prior to the filing of a lawsuit is mandatory and non-discretionary.  *Gonzalez v. Seal*, 702 F.3d 785 (5th Cir. 2012).  The undisputed evidence establishes that Plaintiff failed to exhaust his claims against Deputy Lovertich.  For this reason, the motion to dismiss is hereby granted, and the claims against Deputy Lovertich are dismissed..

So ordered, this the 29th day of August, 2018.

s/ F. Keith Ball<br>United States Magistrate Judge