IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JERMAINE TERRELL BUTLER                                             PLAINTIFF

VS.                                                    CIVIL ACTION NO. 3:17cv365-FKB

DEPUTY SHERIFF TONY
ALEXANDER and SHERIFF
VICTOR P. MASON                                             DEFENDANTS

## ORDER

### I. Introduction

Jermaine Terrell Butler is a pretrial detainee at the Holmes-Humphreys County Regional Correctional Facility. His claims, brought pursuant to 42 U.S.C. § 1983, arise out of his pretrial detention at the Hinds County Detention Center (HCDC) in late 2016 and early 2017. Presently before the Court is the motion [54] of Defendants for summary judgment. Plaintiff has not responded to the motion.

Butler has asserted an excessive force claim against Defendant Tony Alexander, an officer at the jail, arising out of a February 26, 2017, incident. In his testimony at the *Spears* hearing, Butler stated that during a search of his cell, Alexander grabbed his fingers with grip pliers, rammed his head into the wall, and hit him several times. [54-1] at 5-10. Butler suffered a bruise under his eye and pain in his side as a result of Alexander's actions. [54-1] at 7. He sought no medical attention. *Id*.

Butler has also asserted a claim against Sheriff Victor Mason for unconstitutional conditions. While at HCDC, Butler spent approximately two months in a lockdown cell. Plaintiff alleges that his lockdown cell had no light and had exposed electrical wires and mold on the ceiling and walls. [54-1] at 11-12. He also claims that there was standing

water in the cell up to his ankles for a period of five to ten days. *Id.* at 12. Butler indicates that at least some of these conditions were common to all of the lockdown cells. *Id.* at 11-12.

In the motion, Defendant Alexander argues that Plaintiff's allegations concerning him, even if true, fail to establish a constitutional violation for excessive force and that, in any event, Alexander is entitled to qualified immunity. As to the conditions in lockdown, Sheriff Mason argues that the conditions were not sufficiently serious to amount to a constitutional violation and that Plaintiff has not shown any direct involvement by him. Finally, both Defendants argue that Plaintiff failed to exhaust his administrative remedies as to any of his claims.

## **II. Exhaustion**

The Court begins with Defendants' exhaustion argument. The applicable section of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e), requires that an inmate bringing a civil rights action in federal court first exhaust his administrative remedies. *Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998). This exhaustion requirement "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 992 (2002). The requirement that claims be exhausted prior to the filing of a lawsuit is mandatory and non-discretionary. *Gonzalez v. Seal*, 702 F.3d 785 (5th Cir. 2012).

Defendants' argument in support of their motion appears to be that although Plaintiff filed grievances concerning his allegations of excessive force and the conditions in lockdown, he failed to complete the jail's grievance process as to his complaints. In support of their motion, Defendants have submitted the affidavit of Keneshia Jones, the

2

grievance officer of the jail, along with copies of all the grievances and inmate request forms submitted by Butler during his stay at the jail. [54-3]. Also included with Defendants' submissions is a copy of the policy statement describing the jail's three-step grievance process. [54-2]. Jones states in her affidavit that the attached grievances are the only ones submitted by Butler during his time at HCDC. [54-3] at 2. One of the grievances, dated May 2, 2017, raises the issues of ankle-deep water and an assault by Defendant Alexander. [54-3] at 7. In a grievance dated May 21, 2017, Butler complains of mold and the lack of lights in his cell. [54-3] at 12. There are no second or third step requests included with these or any other of the grievances.

Failure to exhaust is an affirmative defense, and thus Defendants have the burden of establishing beyond peradventure the essential elements of that defense. *Wilson v. Epps*, 776 F.3d 296, 299 (5th Cir. 2015). Nowhere in her affidavit does Ms. Jones state that Butler failed to complete the grievance process. Furthermore, although she states that the documents attached to her affidavit constitute all of the grievances filed by Butler, she does not state that the documents constitute Butler's entire administrative remedy file. Thus, Defendants' evidence fails to rule out the possibility that Plaintiff completed steps two and three for the grievances he submitted. Defendants are not entitled to summary judgment on the issue of exhaustion.

### III. Excessive Force

The analysis of the defense of qualified immunity in an excessive force case involves two inquiries: Whether the plaintiff has established a constitutional violation, *i.e.*, whether the officer's use of force was objectively reasonable, and whether the right

3

was clearly established such that a reasonable officer would have known that the particular amount of force used was excessive. *Hogan v. Cunningham*, 722 F.3d 725, 734 (5th Cir. 2013) (citing *Saucier v. Katz*, 533 U.S.194, 200-02 (2001)). Where the force is applied in the context of a prison or jail situation, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).[1]

Defendant Alexander argues that Plaintiff's claim against him fails because Plaintiff's injuries were *de minimis*. The premise of this argument, *i.e.*, that a plaintiff's injuries must be more than *de minimis* in order to establish an excessive force claim, is incorrect and was rejected by the Supreme Court in *Wilkins v. Gaddy*, 559 U.S. 34 (2010). In *Wilkins*, the district court had dismissed a prisoner's excessive force claim on the basis that he had alleged only *de minimis* injuries, and the Fourth Circuit had affirmed. In reversing, the Supreme Court held that the core inquiry in an excessive force case is not the extent of the injury but, rather, the nature of the force. *Wilkins*, 559 U.S. at 34. Rejecting any requirement of a showing of more than a *de minimis* injury, the Court explained that extent of the injury is only one of several factors that a court is to consider in making the broader determination of whether the force was excessive. *Id*. at 37. Other factors that may be relevant are the need for the use of force, the relationship between the need and the amount of force used, the threat reasonably

---

[1] *Hudson* involved a convicted prisoner and its analysis was therefore under the Eighth Amendment. A pretrial detainee's right not to be subjected to excessive force flows not from the Eight Amendment, but from the Due Process Clause of the Fourteenth Amendment. *Graham v. Connor*, 490 U.S. 386, 395 n. 10 (1989). However, the standard for analysis of excessive force claims under the Fourteenth Amendment is the same as the Eighth Amendment standard applicable to claims by convicted prisoners. *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993).

perceived by the prison officials, and any efforts made to temper the severity of the force.  *Hudson,* 503 U.S. at 7.

In the present case, the relevant factors are the extent of injury and the necessity of the force.  While the extent of Butler's injury was apparently minor, there is no evidence of any need for the use of force.  Thus, Butler's allegations are sufficient to create a factual issue as to whether the force used by Alexander was excessive.  Furthermore, Alexander is not entitled to qualified immunity, because a reasonable officer would have known that it was unlawful to maliciously hit a prisoner, slam his head against a wall, and place his fingers in grip pliers without cause.  For these reasons, summary judgment is not warranted on Plaintiff's excessive force claim.

## IV.  Conditions of Confinement

Pretrial detainees have a due process right not to be subjected to jail conditions that constitute punishment.  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).  A constitutional violation occurs when the complained of condition results in "serious deficiencies" in providing for the detainee's "basic human needs."  *Shepherd v. Dallas Cty*, 591 F.3d 445, 454 (5th Cir. 2009).  Plaintiff's allegations are sufficient to create genuine factual issues as to the duration, extent, and pervasiveness of the alleged conditions and whether they were sufficiently severe to meet this test.

Sheriff Mason argues that Butler's claim nevertheless fails because Butler has not shown or alleged that Mason was personally involved in causing the alleged constitutional violations.  It is true that personal involvement by the defendant, in the

5

form of subjective deliberate indifference, is a requirement where a pretrial detainee alleges that an episodic act or omission resulted in a depravation of his basic human needs. *See Hare v. City of Corinth*, 74 F.3d 633, 636 (5th Cir. 1996). However, Plaintiff testified that some of the conditions in his cell were common to all lockdown cells. This testimony creates a factual issue as to whether the alleged conditions were pervasive enough such that Butler's claims may be analyzed as a conditions-of-confinement case, rather than as an episodic case. Where a pretrial detainee challenges the "general conditions, practices, rules, or restrictions of pretrial confinement," the standard for liability is whether those conditions were "reasonably related to a legitimate governmental objective." *Id.* at 646. Sheriff Mason, the official responsible for conditions at the detention center, has failed to show any legitimate governmental interest in housing Plaintiff in the conditions described by him. For these reasons, the Court concludes that Plaintiff's allegations are sufficient to withstand the motion for summary judgment.

## V. Conclusion

Defendants have failed to meet their burden of establishing that Butler did not exhaust his administrative remedies. Moreover, there exist genuine factual issues that preclude summary judgment on Butler's claims. Accordingly, Defendants' motion is denied.

So ordered, this the 20th day of February, 2018.

s/ F. Keith Ball  
United States Magistrate Judge
